








SUI

3:00-CV-1870 KHOLI V. GENERAL ATOMICS

*3*

*AMDCMP*

Donald R. Warren (Bar No. 138933)
LAW OFFICES OF DONALD R. WARREN
2257 Front Street
San Diego, CA 92101-1909
Telephone: (619) 233-0224
Facsimile: (619) 233-0177

Attorneys for *Qui Tam* Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, ex rel. SAM KHOLI,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL ATOMICS; GENERAL ATOMICS SCIENCES EDUCATION FOUNDATION; GENERAL ATOMICS EXPORT CORPORATION; GENERAL ATOMICS ENERGY SERVICES, INC.; GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC.; GENERAL ATOMICS INTERNATIONAL SERVICES CORPORATION; GENERAL ATOMICS ENERGY SERVICES, L.P.; ALLIANCE STAFFING ASSOCIATES, INC.; NEAL BLUE; LINDEN BLUE; CARSTON BLUE; JOHN E. JONES; MAX KEMP; JAMES EDWARDS; LARRY BOYSEN; AUDREY VOYLES; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 00 CV 1870 JM (LAB)<br><br>FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FEDERAL FALSE CLAIMS ACT (31 U.S.C. 3729, *et seq*)<br><br>JURY TRIAL DEMANDED<br><br>[FILED IN CAMERA AND UNDER SEAL] |

COMES NOW *QUI TAM* RELATOR-PLAINTIFF SAM KHOLI, suing for himself and for the United States of America, pursuant to 31 U.S.C. Section 3730(b)(1), and alleges as follows:

# I

## JURISDICTION

1. Jurisdiction of the Federal claims asserted herein is based upon Federal subject

---

First Amended Complaint      00 CV 1870 JM (LAB)

matter pursuant to 31 U.S.C. § 3729, et seq. and False Claims Act multi-defendant jurisdiction pursuant to 31 U.S.C. § 3732(a).

## II

## VENUE

2. Venue in the Southern District of California is based upon 31 U.S.C. § 3732(a) and the fact that the defendants can be found in, reside in, transact business in, or have performed acts proscribed by 31 U.S.C. § 3729, et seq. in this district. The matters complained of herein occurred, in part, in this district.

## III

## PARTIES

3. *Qui tam* plaintiff is a resident and citizen of the United States and the State of California and resides in San Diego, California. *Qui tam* plaintiff is a former employee of two of the defendants herein: GENERAL ATOMICS and ALLIANCE STAFFING ASSOCIATES, INC.

4. *Qui tam* plaintiff is informed and believes that Defendant GENERAL ATOMICS, at all times relevant herein, was and is a California corporation doing business in California, with corporate offices headquartered in San Diego, California.

5. *Qui tam* plaintiff is informed and believes that Defendant GENERAL ATOMICS SCIENCES EDUCATION FOUNDATION, at all times relevant herein, was and is a California corporation doing business in California, with corporate offices headquartered in San Diego, California.

6. *Qui tam* plaintiff is informed and believes that Defendant GENERAL ATOMICS EXPORT CORPORATION, at all times relevant herein, was and is a foreign corporation incorporated in Barbados and doing business in California, with corporate offices located in San Diego, California.

7. *Qui tam* plaintiff is informed and believes that Defendant GENERAL ATOMICS ENERGY SERVICES, INC., at all times relevant herein, was and is a Delaware corporation doing business in California, with corporate offices headquartered in San Diego, California.

8. *Qui tam* plaintiff is informed and believes that Defendant GENERAL ATOMICS AERONAUTICAL SYSTEMS, INC., at all times relevant herein, was and is a Delaware corporation doing business in California, with corporate offices headquartered in San Diego, California.

9. *Qui tam* plaintiff is informed and believes that Defendant GENERAL ATOMICS INTERNATIONAL SERVICES CORPORATION, at all times relevant herein, was and is a Delaware corporation doing business in California, with corporate offices headquartered in San Diego, California.

10. *Qui tam* plaintiff is informed and believes that Defendant GENERAL ATOMICS ENERGY SERVICES, L.P., at all times relevant herein, was and is a limited partnership doing business in California, with offices headquartered in San Diego, California.

11. *Qui tam* plaintiff is informed and believes that Defendant ALLIANCE STAFFING ASSOCIATES, INC., at all times relevant herein, was and is a Delaware corporation doing business in California, with corporate offices headquartered in San Diego, California.

12. *Qui tam* plaintiff is informed and believes that Defendant NEAL BLUE, is the primary owner of the GENERAL ATOMICS DEFENDANTS listed in paragraphs 4 through 10, above, and is an individual residing in Engelwood, Colorado.

13. *Qui tam* plaintiff is informed and believes that Defendant LINDEN BLUE, is one of the two primary owners of ALLIANCE STAFFING ASSOCIATES, INC., is NEAL BLUE'S son, and is an individual residing in San Diego, California.

14. *Qui tam* plaintiff is informed and believes that Defendant CARSTON BLUE, also is one of the two primary owners of ALLIANCE STAFFING ASSOCIATES, INC., is NEAL BLUE'S son, and is an individual residing in San Diego, California.

15. *Qui tam* plaintiff is informed and believes that Defendant JOHN E. JONES is a Senior Vice President of defendant General Atomics, and is an individual residing in San Diego, California.

16. *Qui tam* plaintiff is informed and believes that Defendant MAX KEMP is a Senior Vice President of defendant General Atomics, and is an individual residing in San Diego,

3

First Amended Complaint        00 CV 1870 JM (LAB)

California.

17. *Qui tam* plaintiff is informed and believes that Defendant JAMES EDWARDS is an individual working for defendant General Atomics, and is an individual residing in San Diego, California.

18. *Qui tam* plaintiff is informed and believes that Defendant LARRY BOYSEN is an individual working for defendant General Atomics, and is an individual residing in San Diego, California.

19. *Qui tam* plaintiff is informed and believes that Defendant AUDREY VOYLES is a President of Defendant ALLIANCE STAFFING ASSOCIATES, INC., and is an individual residing in San Diego, California.

20. The true nature and capacity of defendants sued and named herein as DOES 1 through 20, inclusive, are unknown to plaintiff, who therefore sues such defendants under such fictitious names. DOES 1 through 20 are individuals and entities who have knowingly participated in submitting false claims to the government and have conspired with the remaining defendants to defraud the government by getting the herein described false or fraudulent claims allowed or paid. Qui tam plaintiff will amend this complaint to state the true names and capacities of DOES 1 through 20 when such have been fully ascertained.

## IV

### FACTUAL BACKGROUND

21. The defendants listed in paragraphs 4 through 10 (hereinafter the "GENERAL ATOMICS DEFENDANTS") sell services and products to the United States through government contracts let to them through the Department of Defense, the Department of Energy, and the National Science Foundation. The GENERAL ATOMICS DEFENDANTS are privately held companies with more than $300 million in annual revenues and are tightly controlled by their owner, Neal Blue, and his family. It is estimated that 80% to 90% of the GENERAL ATOMICS DEFENDANTS' revenues come from their government contracts. It is estimated that, at any given time since 1991, the GENERAL ATOMICS DEFENDANTS were involved in between 40 and 50 ongoing contracts with the United States Government.

22. Although the GENERAL ATOMICS DEFENDANTS have more than 1,000 employees, they have the need for additional staffing from time to time to work on specific contracts. The vast majority of these additional staffing needs are for engineers and scientists who have worked on specific contracts for the GENERAL ATOMICS DEFENDANTS in the past. Other staffing needs are more general and administrative in nature.

23. Until 1992, the GENERAL ATOMICS DEFENDANTS would obtain this additional staffing via competitive bidding from staffing agencies. At any given time, the GENERAL ATOMICS DEFENDANTS would be receiving their additional staffing from 7 or 8 staffing vendors. The competitive market rates for vendors to supply staffing in these situations is as follows: vendor's cost plus approximately 20 percent mark up. These market rate staffing costs incurred by the GENERAL ATOMICS DEFENDANTS were then passed on to the government as general and administrative and professional staff costs in the GENERAL ATOMICS DEFENDANTS' contracts with the government.

24. Beginning in 1992, Neal Blue's sons, Linden Blue and Carston Blue, formed ALLIANCE STAFFING ASSOCIATES, INC., to begin providing temporary staffing to the GENERAL ATOMICS DEFENDANTS. However, rather than bidding competitively against other vendors and providing staffing at competitive market rates, ALLIANCE STAFFING ASSOCIATES, INC. became the **sole source vendor** for providing staffing to the GENERAL ATOMICS DEFENDANTS. As a sole vendor, there was no competitive bidding for providing the staffing. The staffing was provided at exorbitant rates far above competitive market rates. Rather than providing staffing at its cost plus the standard 20 percent mark up, ALLIANCE STAFFING ASSOCIATES, INC. had a conspiratorially incestuous agreement with the GENERAL ATOMICS DEFENDANTS to charge its cost plus an outrageous mark up of up to **30 percent**. These above market costs were then passed on through to the government by the GENERAL ATOMICS DEFENDANTS in their government contracts, to the government's damage. The government has further been damaged by this practice because the GENERAL ATOMICS DEFENDANTS would then add their own profit percentage to these already inflated costs in their government contracts.

25. *Qui tam* plaintiff complained about this practice to the defendants, but was told to mind his own business. These above market, sole source contracts are estimated to have caused damage to the government in excess of $1 million, and these practices and damages have continued.

26. In addition to providing staffing costs at above market rates, ALLIANCE STAFFING ASSOCIATES, INC. also began performing janitorial services for the GENERAL ATOMICS DEFENDANTS at twice the market rates. Again, this was done as a sole source contractor, without any competitive bidding. This conduct began in 1993 and has continued. These above market janitorial service costs are passed on through to the government by the GENERAL ATOMICS DEFENDANTS as a general and administrative expense in their government contracts. This conduct began in 1993 and has continued.

27. It is estimated that the damages caused to the government by the above market rate janitorial services also exceed $1 million.

28. *Qui tam* plaintiff is informed and believes that each of the defendants is aware of the above described fraud on the government and each has acted in conspiracy with each other to defraud the United States in this manner. These inflated costs were nothing more than a subterfuge to steal money from the United States and pass it on through to the sons of Neal Blue: Linden Blue and Carston Blue.

29. In their government contracts, the GENERAL ATOMICS DEFENDANTS submit claims for progress payments approximately every two weeks. There are approximately 40 to 50 contracts for which the Defendants submit separate progress payment claims in any given month. It is estimated that the GENERAL ATOMICS DEFENDANTS have submitted more than 1,000 false claims for payment in the past 8 years, based on the above subterfuge. This subterfuge was never disclosed to the United States.

30. Further, the controlling owner of the GENERAL ATOMICS DEFENDANTS, Neal Blue, formed another company, Alliance Services Associates, Inc., for the purpose of providing staffing and janitorial services to commercial customers that were not related to the GENERAL ATOMICS DEFENDANTS. These commercial contracts were subject to

1  competitive bidding, and as a result, Alliance Services Associates, Inc. performed its commercial
2  contracts at market rates calculated at its cost plus 19 percent.

### V

### (For Violation of 31 U.S.C. § 3729 et seq.)

31.　*Qui tam* plaintiff hereby realleges and incorporates herein by this reference paragraphs 1 through 30, inclusive, hereinabove, as though fully set forth at length.

32.　Between 1992 and 2000, the GENERAL ATOMICS DEFENDANTS knowingly entered into contracts with the United States Government in which the GENERAL ATOMICS DEFENDANTS falsely certified that they had complied with the bidding and disclosure requirements of the Truth in Negotiations Act, 10 U.S.C. § 2306, *et seq*. Additionally, during this same time period, the GENERAL ATOMICS DEFENDANTS have knowingly submitted to the United States false claims for payment through their bi-weekly, and otherwise, submission of progress payments. The GENERAL ATOMICS DEFENDANTS were assisted in these efforts by defendant ALLIANCE STAFFING ASSOCIATES, INC. and the decision makers for these entities: the above named individual defendants. As a result of such knowing submission of false claims, the GENERAL ATOMICS DEFENDANTS have received payments to which they were not entitled from the United States and monies derived from the United States Treasury. As a further result, defendant ALLIANCE STAFFING ASSOCIATES, INC. has received monies derived from the United States Treasury, to which it was not entitled. All of this has resulted in damage to the United States.

### VI

### (For Violation of 31 U.S.C. § 3729 (a) (3))

33.　*Qui tam* plaintiff hereby realleges and incorporates herein by this reference paragraphs 1 through 32, inclusive, hereinabove, as though fully set forth at length.

34.　Between 1992 and 2000, the defendants, and each of them, conspired to defraud the United States by getting the above referred to false and fraudulent claims allowed or paid. They knowingly engaged in this conduct, by a common design and scheme to, among other things, intentionally refuse to obtain competitive bidding from competitors of ALLIANCE

1  STAFFING ASSOCIATES, INC. and intentionally charge above market rates from ALLIANCE
2  STAFFING ASSOCIATES, INC., through the GENERAL ATOMICS DEFENDANTS, to the
3  United States Government. The defendants further intentionally conspired to not disclose this
4  scheme to the United States Government. All of this conduct was done with the intent to defraud
5  the government by getting these false and fraudulent claims allowed or paid. As a result of such
6  conspiracy, the United States has been damaged by payment of monies from the United States
7  Treasury, as described above.

8  **WHEREFORE**, *qui tam* plaintiff prays for relief as follows:

9  1.  Full restitution to the United States of all money damages sustained by it;

10 2.  For three times the dollar amount proven to have been wrongfully charged to and
11 paid by the United States;

12 3.  For maximum civil penalties for all false records, statements, certifications and
13 claims submitted to the United States;

14 4.  For costs of suit and reasonable attorney's fees; and

15 5.  For such other and further relief as the Court deems just and proper.

17 DATED: 10/10/00                    LAW OFFICES OF DONALD R. WARREN

20                                    By _[signature]_

21                                    DONALD R. WARREN
                                      Attorneys for *Qui Tam* Plaintiff
22                                    Sam Kholi

1  **Donald R. Warren** (Bar No. 138933)
   LAW OFFICES OF DONALD R. WARREN
2  2257 Front Street
   San Diego, CA 92101-1909
3  Telephone: (619) 233-0224
   Facsimile: (619) 233-0177
4

5
   Attorneys for *Qui Tam* Plaintiff
6

7

8
                    **UNITED STATES DISTRICT COURT**
9
                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

11 UNITED STATES of America *ex rel.*    )  CASE NO.  00 CV 1870 JM (LAB)
   SAM KHOLI,                            )
                                          )  DECLARATION OF SERVICE
12             Plaintiff,                 )
                                          )
13 v.                                     )
                                          )
14 GENERAL ATOMICS; GENERAL               )
   ATOMICS SCIENCES EDUCATION             )
15 FOUNDATION; GENERAL ATOMICS            )
   EXPORT CORPORATION;                    )
16 GENERAL ATOMICS ENERGY                 )
   SERVICES, INC.; GENERAL ATOMICS        )
17 AERONAUTICAL SYSTEMS, INC.;            )
   GENERAL ATOMICS INTERNATIONAL          )
18 SERVICES CORPORATION; GENERAL          )
   ATOMICS ENERGY SERVICES, L.P.;         )
19 ALLIANCE STAFFING ASSOCIATES,          )
   INC.; NEAL BLUE; LINDEN BLUE;          )
20 CARSTON BLUE; JOHN E. JONES; MAX       )
   KEMP; JAMES EDWARDS; LARRY             )
21 BOYSEN; AUDREY VOYLES; and DOES        )
   1 through 20, inclusive,               )
22                                         )
               Defendants.                 )
23 _____)

24

25      I, J. Marie Hayes, declare as follows:

26      I am over the age of eighteen years and not a party to the case. I am employed in the

27 County of San Diego, California, where the mailing occurs; and my business address is 2257

28 Front Street, San Diego, California 92101.

                                       1

On October 10, 2000, I served the foregoing document(s) described as:

**FIRST AMENDED COMPLAINT FOR VIOLATION OF THE FEDERAL FALSE CLAIMS ACT 31 U.S.C. §3729, et seq.**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Dodge Wells
U.S. Dept. of Justice, Civil Litigation
P.O. Box 261
Ben Franklin Station
Washington, D.C.  20044

( x )   BY MAIL. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service, and that the correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business.

( )   BY FAX. In addition to service by mail as set forth above, a copy of said document(s) were also delivered by facsimile transmission to the addressee.

( )   BY PERSONAL SERVICE. I hand-delivered said document(s) to the office of the addressee.

( )   BY FEDERAL EXPRESS MAIL. I caused said document(s) to be deposited in a box or other facility regularly maintained by the express service carrier providing overnight delivery.

Executed October 10, 2000, at San Diego, California.

I declare under the penalty of perjury under the laws of the United States of America that the above is true and correct.

J. Marie Hayes