








```
JOEH    8/14/03    15:43
3:00-CV-01870    KHOLI V. GENERAL ATOMICS
*184*
*O.*
```

FILED
03 AUG 13 PM 4:18
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. SAM KHOLI,<br><br>Plaintiff,<br><br>vs.<br><br>GENERAL ATOMICS; POINTS FOUR WORLD TRAVEL, INC., f/k/a ALLIANCE STAFFING ASSOCIATES, INC.,<br><br>Defendants. | CASE NO. 00CV1870-JM(LAB)<br><br>ORDER DENYING MOTION TO ALTER THE JUDGMENT OR, ALTERNATIVELY, TO ALTER FINDINGS; DENYING MOTION FOR ATTORNEY'S FEES |

This matter comes before the court on the government's motion to alter or amend the judgment pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure and on General Atomic's ("GA") motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(b). The government contends that this court's June 12, 2003 Statement of Decision ("SOD") failed to address three of its claims. The counts are: Count II (Use of False Statements) and Count IV (Breach of Contract), which are founded on allegations that GA breached its contracts with the DOE and DOD by failing to follow its Purchasing Standard operating Procedures ("PSOPs") in awarding purchase orders to Alliance, and Count V (Breach of Cooperative Agreements and Grants), which is founded on allegations that GA breached the terms of its grants and cooperative agreements with the National Science Foundation ("NSF") by failing to follow the procurement provisions of OMB Circular A-110. Each count is addressed in turn.

**Count II**

Count II alleges that GA violated the False Claims Act, 31 U.S.C. §3729(a)(2), by "knowingly" using false statements in connection with the awards of certain temporary labor and janitorial services purchase orders ("POs"). (First Amended Complaint ¶49). As set forth in the SOD, not only has the Government failed to show by a preponderance of the evidence that GA and Alliance were under common control, but it also fails to show that GA knowingly presented a "claim that is either fraudulent or simply false." U.S. Ex. Rel Hoper v. Anton, 91 F.3d 1261, 1267 (9th Cir. 1996) cert. denied, 519 U.S. 1115 (1997). Since knowledge is an indispensable element to establish a false claim, the SOD properly granted judgment on Count II.

**Count IV**

Count IV alleges that GA breached its contracts with the Department of Energy ("DOE") and the Department of Defense ("DOD") by failing to follow GA's PSOPs in awarding the POs. The Government cites GA Policy Manual, Section CP-600 and PSOP 10, section 2.5 as the provisions violated under Count IV. These sections provide, to the effect, that purchases will not knowingly be made from an organization in which a GA employee is an owner or has a significant interest. In making this argument, the Government argues that Audrey Voyles was the president of Alliance while, from 1992 through 1997, she was also an employee of GA as evidenced by her receipt of a paycheck from GA and her participation in GA's health benefits program. Ms. Voyles also testified that she participated in the bonus pool established by Alliance wherein she received 20% of Alliance's net profits. The evidence cited by the Government fails to establish that GA violated either section CP-600 or PSOP 10, section 2.5. The totality of the evidence submitted at the time of trial establishes by a preponderance that Voyles was not an employee of GA for purposes of the PSOPs. As set forth in the SOD, Ms. Voyles "held no ownership interest in GA; nor did Audrey Voyles occupy any official or management position with GA." (SOD at p.7:20022). Ms. Voyles was a seconded employee from GA meaning that she received her salary and benefits from GA, but was not answerable to GA as an employee as she was an employee of Alliance.

The Government also contends that Mr. Lara, in approving the initial temporary labor PO, improperly prepared the procurement documentation for that transaction in violation of PSOP 10,

1  section 2.2, which requires that the buyer have thorough knowledge of his assigned commodities and sources of supply and PSOP 33, section 2.2, which required that in single source or sole source procurements "the buyer must assure himself/herself of the validity of the justification and concur in the noncompetitive order by annotating the file accordingly." To establish a breach of these PSOPs, the Government contends that Denyce Carter testified that Mr. Lara's use of a two year old analysis in awarding the initial temporary services contract was a "technical" violation because it was more than 12 months old and that Mr. Lara lacked personal knowledge of the information contained in the prior analysis. The Government has not identified any evidence that the initial analysis was incorrect, inaccurate, or that GA's "technical" failure establishes a material breach of contract. While the failure to analyze the service contract with more recent information may be a minor breach of the PSOPs, the Government has failed to show by a preponderance of the evidence that the breach was material or that such breach damaged the Government in any significant manner. Accordingly, the Government fails to establish that there was a manifest error or law or fact, see School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993), and denies the motion to alter or amend the judgment with respect to Count IV.

**Count V**

Count V alleges that GA breached the Cooperative Agreements and in so doing violated OMB Circular A-110. The Government contends that GA breached Paragraph .42 which prohibits GA employees from participating in the selection or award of contracts if there is a conflict of interest. The Government contends that Ms. Voyles was an employee of GA and therefore Paragraph .42 was breached when she provided input into GA's decision to award POs to Alliance. As previously discussed, Ms. Voyles was a seconded employee with no direct responsibilities to GA and was not an "employee" within the meaning of Paragraph .42. There is simply no showing that GA could exercise control over Ms. Voyles, the hallmark of an employer - employee relationship, as she was not considered a GA employee but an employee of Alliance, or that Ms. Voyles exercised the requisite degree of control over the contractor selection process. The fact that she had demonstrable input into the decision making process, and could forcefully argue her position, does not transform her position as President of Alliance into an employee of GA. Further, the evidence presented at the time of trial

1  also demonstrates that GA managerial employees knew that she was not an employee of GA, but of
2  Alliance.
3      GA also contends that the above described conduct of Mr. Lara in awarding the initial
4  temporary labor PO violated Circular A-110 paragraph .43, which requires free and open competition
5  to the maximum extent practical. As set forth above, there is no showing that the use of information
6  relied upon by Mr. Lara, although 2 years old, was inaccurate, outdated, or that the process was not
7  free and open to the maximum extent practical. Even though the use of such information was
8  technically in violation of the PSOPs, the Government failed to demonstrate by a preponderance of
9  the evidence that it was damaged by such failure. Furthermore, as noted by GA in its opposition, the
10 testimony of Ms. Carter and Dr. Rosen established that the Circular A-110 did not apply because
11 Alliance did not receive funding under any NSF grant or Cooperative Agreement to perform specific
12 project functions. As noted in the SOD, the POs are not subcontracts.
13     In sum, the court denies the motion to alter or amend the judgment.

**The Motion for Attorney's Fees**

15     Pursuant to the EAJA, the United States is liable to a prevailing party "to the same extent that
16 any other party would be liable under the common law or under the terms of any statute which
17 specifically provides for such an award." 28 U.S.C. §2412(b). The EAJA makes the government
18 liable for attorneys' fees (1) under common law exceptions to the American Rule such as bad faith or
19 (1) when authorized by statute. See Lauritzen v. Lehman, 736 F.2d 550, 554 (9th Cir. 1984). GA
20 identifies 31 U.S.C. §3730(d)(4) as the statute authorizing an award of attorneys' fees which provides
21 that "[i]f the Government does not proceed with the action and the person bringing the action conducts
22 the action, the court may award to the defendants its reasonable attorneys' fees and expenses if... the
23 court finds that the claim of the person bringing the action was clearly frivolous, clearly vexatious, or
24 brought primarily for purposes of harassment." 31 U.S.C. §3730(d)(4). GA fails to cite any authority
25 supporting the proposition that an award of attorney's fees is properly assessed against the Government
26 when the action is pursued by the Government and not the relator. The court concludes that the statute
27 does not apply to the present action because the Government prosecuted this action, and not the relator.
28 The statute recognizes that the Government should not be responsible for the litigation posture taken

by qui tam relators over which it has no control. Accordingly, the court concludes that an award of attorney's fees is appropriate only under well-recognized exceptions to the American Rule of attorney's fees.

Under the American Rule each party to a lawsuit must generally bear his or her own litigation costs unless authorized by statute or contract or when the losing party has acted in bad faith or the successful party has conferred a substantial benefit on an identifiable class of individuals. See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258 (1975). To be liable for having "acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . . . the Government's conduct must have been more than merely unreasonable." Espinoza-Guitierrz v. Smith, 94 F.3d 1270, 1279 (9th Cir. 1996). An award under this doctrine is punitive and should be imposed "only in exceptional cases and for dominating reasons of justice." Id.

Here, GA fails to demonstrate that the Government acted with the requisite bad faith. The parties have vigorously litigated this action and raised issues fairly debatable. The court observes that the Government's claims survived summary judgment and the outcome at trial was far from certain. Because it cannot fairly be said under any circumstances that the Government acted in bad faith, the motion for attorneys' fees is denied.

In sum, the motion to alter or amend the judgment is denied as is the motion for attorneys' fees. The Clerk of Court is instructed to close the file.

**IT IS SO ORDERED.**

DATED: ___8/12___, 2003

JEFFREY T. MILLER
United States District Judge

cc:   All parties